IT IS HEREBY ADJUDGED and DECREED this is SO ORDERED.

The party obtaining this order is responsible for noticing it pursuant to Local Rule 9022-1.

Dated: September 08, 2010



_____
**RANDOLPH J. HAINES**
U.S. Bankruptcy Judge
_____

# TIFFANY & BOSCO
### P.A.

2525 EAST CAMELBACK ROAD
SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

10-20594

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:<br><br>Anthony Hunter<br>        Debtor.<br>_____<br>U.S. Bank, National Association<br>        Movant,<br>    vs.<br><br>Anthony Hunter, Debtor, Maureen Gaughan, Trustee.<br><br>        Respondents. | No. 2:10-BK-14920-RJH<br><br>Chapter 7<br><br>ORDER<br><br>(Related to Docket #9) |

Movant's Motion for Relief from the Automatic Stay and Notice along with the form of proposed Order Lifting Stay, having been duly served upon Respondents, Respondents' counsel and Trustee, if any, and no objection having been received, and good cause appearing therefor,

IT IS HEREBY ORDERED that all stays and injunctions, including the automatic stays imposed

by U.S. Bankruptcy Code 362(a) are hereby vacated as to Movant with respect to that certain real property which is the subject of a Deed of Trust dated June 29, 2007 and recorded in the office of the Maricopa County Recorder wherein U.S. Bank, National Association is the current beneficiary and Anthony Hunter has an interest in, further described as:

> Lot 95, of IRONWOOD TERRACE, according to the plat of record in the office of the County Recorder of Maricopa County, Arizona, recorded in Book 179 of Maps, Page 36.

IT IS FURTHER ORDERED that Movant may contact the Debtor(s) by telephone or written correspondence regarding a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with Debtors. However, Movant may not enforce, or threaten to enforce, any personal liability against Debtors if Debtors' personal liability is discharged in this bankruptcy case.

IT IS FURTHER ORDERED that this Order shall remain in effect in any bankruptcy chapter to which the Debtor may convert.